IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL SAFETY US, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-2782 |
| | § | |
| CON-DIVE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Total Safety US, Inc., sued the defendant, Con-Dive, LLC, the charterer of the vessels M/V BOLD ENDURANCE and M/V OCEAN COMMANDER, to recover $219,817.68 that Con-Dive owes for "necessaries" Total Safety provided these vessels in 2007 and 2008. In its corrected first amended verified complaint, Total Safety asserted a maritime lien and alleged breach of a maritime contract, quantum meruit, and promissory estoppel. Total Safety has now filed a second motion for a declaratory judgment that Con-Dive owes $219,817.68 for nonpayment on the necessaries provided to the vessels. No response has been filed. Based on the pleadings, the motion, the record, and the applicable law, the second motion for declaratory judgment is granted. Total Safety must submit a proposed final judgment no later than November 20, 2009.

**I.   Background**

Total Safety submitted an affidavit from its Operations Manager, Larry Sneath, and an affidavit from its Corporate Credit Manager, Ronald Schilling. Sneath stated that between 2007 and 2008, Total Safety rented "required safety equipment" to Con-Dive's vessels, the M/V BOLD ENDURANCE and M/V OCEAN COMMANDER, both of which Con-Dive operated under charter in the Gulf of Mexico and were engaged in subsea pipe repair. (Docket Entry No. 22, Ex. A ¶¶ 3–15). Attached to Sneath's affidavit are numerous emails between representatives of Total Safety

and Con-Dive in 2007 and 2008, describing the equipment that was rented. Schilling also testified as to the status of Con-Dive's account with Total Safety and authenticated the account records. Attached to Schilling's affidavit were purchase orders from Con-Dive to Total Safety dated June 21, 2007, September 12, 2007, October 17, 2007, and February 21, 2008. The purchase orders include product descriptions, price, and quantity terms for SCBAs, gas detection systems, installation services, and other items, all to be provided to the M/V BOLD ENDURANCE and M/V OCEAN COMMANDER. Attached to Schilling's affidavit are also postdelivery invoices that Total Safety sent to Con-Dive, with billing records showing the amounts Con-Dive paid and the amounts outstanding. (*Id*., Ex. B). Total Safety also attached to Schilling's affidavit a June 18, 2008 letter from Clay Etheridge, Con-Dive's C.E.O., to Total Safety. (*Id.*, Ex. B-1). In the letter, Etheridge admits that "Con-Dive has been remiss in staying current with certain vendor and supplier account payables." The letter proposes "a plan to bring each [Total Safety account] current," with payments of $41,574.88 on June 30, 2008; $31,000.00 on July 15, 2008; and $37,500.00 on July 31, 2008. (*Id.*). Total Safety alleges that Con-Dive failed to make any of the payments.

This court has previously found that Total Safety had a maritime agreement with Con-Dive under which Total Safety provided necessaries to the M/V BOLD ENDURANCE and M/V OCEAN CHALLENGER at Con-Dive's request. (Docket Entry No. 26). The evidence shows that Con-Dive owes Total Safety the sum of $219,871.68 for providing necessaries to the vessels and that Con-Dive has failed to pay. Accordingly, Total Safety is entitled to judgment that it has a maritime lien in the amount of $219,817.68 and that Con-Dive must pay Total Safety $219,817.68, plus prejudgment interest and postjudgment interest.

No later than November 20, 2009, Total Safety must submit a proposed judgment that specifies the rate and daily amount of prejudgment interest due. Any motion for attorney's fees must

2

be made by motion filed no later than 14 days after the judgment is entered and include support for the amount of fees sought.

SIGNED on November 4, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge