IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL SAFETY, U.S., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2782 |
| | § | |
| CON-DIVE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this suit to recover payment for goods supplied to ships, judgment for Total Safety, U.S., Inc. was entered in the amount of $219,817.68 plus prejudgment interest. (Docket Entry No. 35). Total Safety has now moved to recover its costs and attorney's fees, (Docket Entry No. 36), to which Con-Dive has responded, (Docket Entry No. 37). Because this suit is based on a maritime contract, (*see* Docket Entry No. 26), it falls under this court's admiralty jurisdiction and is governed by maritime law. *See Brazosport Towing Co., Inc. v. Donjon Marine Co., Inc.*, 556 F. Supp. 640, 643 (S.D. Tex. 1983).

Rule 54 of the Federal Rules of Civil Procedure makes costs of court available to the prevailing party unless a federal statute, a federal rule, or a court order provides otherwise. FED. R. CIV. P. 54(d)(1). Total Safety is entitled to the costs that are within the categories set out in 28 U.S.C. § 1920.[1] *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL

---

[1] The categories are: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

PRACTICE AND PROCEDURE § 2670 (3d ed).

Absent statutory authorization, the prevailing party in an admiralty case is generally not entitled to an award for attorney's fees. *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980). The parties do not identify any statutory authorization for attorney's fees in this case. Although a Texas statute provides that a prevailing party in a breach of contract suit may recover attorney's fees, TEX. CIV. PRAC. & REM. CODE § 38.001, that statute does not apply in admiralty cases. *Brazosport Towing*, 556 F. Supp. at 644.

Total Safety invokes an exception to this general rule that statutory authorization is required for a fee award in an admiralty case. If the opposing party has acted in bad faith in the litigation, the court has discretion to award attorney's fees to the prevailing party. *Cantieri Navali Riuniti v. M/V Skyptron*, 802 F.2d 160, 165 (5th Cir. 1986) ("Attorneys' fees are generally not awarded in admiralty cases. However, such fees can be awarded to the prevailing party if the opponent acted with malice or in bad faith."); *Noritake*, 627 F.2d at 730 n.5 ((citing *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997 (1962)). Total Safety argues that Con-Dive acted in bad faith by failing to pay an acknowledged debt and by not coming up with the funds to satisfy a settlement agreement. (Docket Entry No. 36). Con-Dive responds that there is no evidence of bad faith. Con-Dive contends that its failure to pay was caused by financial hardship, not by any bad motives. (Docket Entry No. 37).

Case law supports Con-Dive's position that a failure to pay an amount due is not necessarily bad faith. In *Galveston County Nav. Dist. No. 1 v. Hopson Towing Co., Inc*., 92 F.3d 353, 359-60 (5th Cir. 1996), an admiralty case, the court reversed an award of attorney's fees because it found

insufficient evidence of bad faith. It was not enough that the defendant had failed "'to pay for the damages it obviously caused in an amount that Defendants stipulated and agreed was reasonable.'" *Id.* at 359 (quoting the district court). The defendant did not contest the damages amount but did argue throughout the litigation that another party was at least partially responsible. The Fifth Circuit found that although this defense was unsuccessful, it was not enough to find bad faith. "There was no evidence adduced that the defendants took this position maliciously or in bad faith, nor that they failed to comply with discovery requests, filed frivolous pleadings, or otherwise abused the litigation process." *Id.* The appellate court suggested that the result might have differed if the defendant's conduct been "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." *Id.* at 359, 360 n. 16 (quotations omitted). Without such a showing, the plaintiff was not entitled to attorneys' fees.

Total Safety has not pointed to evidence that Con-Dive was callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent. The record shows that Con-Dive had severe and unexpected financial difficulties that made it unable to pay. The record does not support a bad-faith finding that would allow Total Safety to recover its attorney's fees.

Total Safety has also asked this court to exercise its equitable power to award fees based on Con-Dive's failure to comply with contractual obligations. In admiralty cases, however, that equitable power is only triggered by bad faith. *See Noritake*, 627 F.2d at 730 n. 5. Accordingly, there is no basis for awarding attorney's fees in this case.

Total Safety's motion for an award of attorney's fees is denied. Total Safety has asserted that it incurred $2,055.51 in taxable costs and attached supporting documentation. No objection has been filed.

3

Total Safety is entitled to an award of $2,055.51 in taxable costs.

        SIGNED on January 11, 2010, at Houston, Texas.

                                        Lee H. Rosenthal
                                    United States District Judge